UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-mj-04047-Torres

UNITED STATES OF AMERICA

v.

LINCOLN VELEZ TAVERAS,

    Defendant.
_____/

FILED BY  TS  D.C.
Oct 23, 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)?   No.

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No.

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:  /s/ Sterling M. Paulson
Sterling M. Paulson
Assistant United States Attorney
Court ID No. A5520332
United States Attorney's Office
99 NE 4th Street, 6th Floor
Miami, FL 33132
Tel.: 305-961-9302
Email: sterling.paulson@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 23-mj-04047-Torres |
| LINCOLN VELEZ TAVERAS, | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of October 20, 2023, in the county of Miami-Dade in the Southern District of Florida, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(1) | Illegal Reentry by Removed Alien |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

*Complainant's signature* ID#S05987

Enrique Marrero, Special Agent, HSI
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Telephone

Date: October 23, 2023

*Judge's signature*

City and state: Miami, Florida     Hon. Edwin G. Torres, Chief United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Enrique Marrero, your Affiant, being duly sworn, do depose and say:

## INTRODUCTION AND AGENT BACKGROUND

1. I am employed as a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), Miami, Florida, and have been so employed since April 2021. I am responsible for investigating matters within the jurisdiction of the United States Department of Homeland Security, including violations of the immigration and customs laws of the United States, and I am currently assigned to the Human Smuggling Group. Prior to my employment with HSI, I was employed as a U.S. Secret Service ("USSS") Special Agent from 2017 through 2021. I have completed the Criminal Investigator Training Program and HSI Special Agent Training Program at the Federal Law Enforcement Training Center. I also completed the USSS Special Agent Training Course at the James J. Rowley Training Center. I have comprehensive training in multiple disciplines, including criminal investigative techniques and the application and execution of search, arrest, and seizure warrants for violations of federal laws, including but not limited to violations of the Immigration and Nationality Act.

2. The statements contained in this Affidavit are based upon my own personal knowledge gathered during my participation in this investigation and my previous training and experience, along with the training, experience, and knowledge of other State and Federal law enforcement officers and agents, including information reflected in interviews and written reports. Because this Affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me or other law enforcement officers or agents involved in this investigation.

3. I submit this Affidavit in support of a criminal complaint charging **Lincoln Velez Taveras** ("**VELEZ**") with illegal reentry of a removed alien, in violation of Title 8, United States Code, Section 1326(a) and (b)(1).

## **PROBABLE CAUSE**

4. Through conversations with a resident of a home located at 2379 NW 101st Street, Miami, Florida 33147 (the "Residence"), law enforcement learned that the Residence is used as an illicit safehouse for individuals who are smuggled into or have illegally entered the United States.

5. On or about October 20, 2023, HSI special agents conducted surveillance at the Residence. HSI observed a Toyota RAV4, gray in color, arrive at the Residence. An individual got out of the driver's seat of the RAV4 and entered the Residence. The individual exited the Residence a few minutes later and returned to the RAV4. Five other individuals, including **VELEZ**, then also got out of the RAV4 and followed the initial individual into the Residence. This same group of six individuals, including **VELEZ**, then exited the Residence together approximately ten to fifteen minutes later. The group got back into the RAV4 and drove away from the Residence.

6. HSI engaged in vehicle-based surveillance of the RAV4 and its occupants, and contacted Florida Highway Patrol for assistance with a vehicle stop to conduct an immigration check. Florida Highway Patrol effected this stop in the northbound lanes of Florida's Turnpike in West Palm Beach, Florida. Florida Highway Patrol and HSI conducted a record check on the occupants of the RAV4 during the stop. HSI identified the driver—the same individual who had initially entered the Residence and then returned to the Rav4 to lead the other five individuals into

2

the Residence—as a citizen of the United States. HSI determined that the remaining five occupants of the RAV4 are all citizens of the Dominican Republic, including **VELEZ**.

7. HSI detained and transported the occupants of the RAV4 to the United States Border Patrol (BP) Station in Dania Beach, Florida. BP processed the five Dominican citizens, including **VELEZ**, by way of immigration and biometric checks. Immigration records reflected that none of the five Dominican citizens, including **VELEZ**, had legal immigration status or any legal permission to be in the United States on or about October 20, 2023.

8. BP's preliminary examination of the biometric records for **VELEZ** revealed that **VELEZ** has been previously deported and removed from the United States. Further examination of immigration records revealed that, on or about March 24, 2010, **VELEZ** was subject to an order of deportation or removal. **VELEZ** was subsequently removed from the United States to the Dominican Republic, on or about May 6, 2010.

9. Law enforcement also conducted a criminal history review for **VELEZ**. Law enforcement learned that, on or about April 28, 2010, the United States District Court for the Southern District of Florida entered a criminal conviction against **VELEZ** for violation of Title 18, United States Code, Section 1546, Fraud and Misuse of Visas, Permits, and Other Documents. *See United States of America v. Lincoln Velez Tavares*, 10-CR-60111.

10. Following his detention, **VELEZ** was read his *Miranda* rights, waived those rights, and agreed to speak to law enforcement. In this post-*Miranda* interview with HSI, **VELEZ** acknowledged that he had been previously deported and removed from the United States. **VELEZ** further admitted that he knew that he did not have any legal consent or permission to re-enter the United States. **VELEZ** confirmed that he was illegally present in the United States.

## CONCLUSION

11.     Based on my training and experience, and the facts set forth above, I respectfully submit that there is probable cause to believe that **VELEZ**, an alien, having previously been removed from the United States on or about May 6, 2010, was found to be voluntarily present in the United States without the consent of the Attorney General or his successor, the secretary for the Department of Homeland Security, to reapply for admission to the United States, in violation of Title 8, United States Code, Section 1326(a) and (b)(1).

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
ENRIQUE MARRERO
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Telephone this  23rd   day of October 2023.

_____
HONORABLE EDWIN G. TORRES
UNITED STATES CHIEF MAGISTRATE JUDGE